SYLVESTER POPE and Others, as Executors of and Trustees under the Last Will and Testament of JOSEPHINE L. PEYTON, Deceased, Respondents, *v.* LOUIS NAPOLEON LEVY, Appellant.

*Deed — the addition to the courses of the words "or nearly so" — it does not make the description void for indefiniteness.*

A deed which describes the land conveyed as beginning at a given point, which can easily be identified by reference to a map mentioned therein, and gives the precise length of each course, and states that the last course terminates at the place of beginning, is not void for indefiniteness, although most of the courses are described as running in a certain direction, "or nearly so," where it appears that by taking the map a surveyor would have no difficulty in locating the land described in the deed.

APPEAL by the defendant, Louis Napoleon Levy, from a judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of New York on the 3d day of March, 1900, upon the decision of the court rendered after a trial at the New York Special Term.

The action was brought to compel the defendant to perform a contract, whereby he agreed to purchase from the plaintiffs a certain piece of real estate in the city of New York. The description in the deed to the plaintiffs' testatrix is as follows :

"All those certain lots or parcels of land situate in the City, County and State of New York, which are bounded and described as follows :

"Beginning at a point in the northeasterly side of Tremont (formerly Locust) Avenue, as widened, distant fifty-one (51) feet, eight and one-quarter (8¼) inches northwesterly from the corner formed by the intersection of the said side of Tremont Avenue, as widened, and the northwesterly side of Marmion Place, formerly Marion Avenue ; thence northwesterly along the said side of Tremont Avenue one hundred and fifty-one (151) feet, one and one-eighth (1⅛) inches ; thence northeasterly on a line at right angles, or nearly so, to the said northeasterly side of Tremont Avenue one hundred and ninety (190) feet, four and one-half (4½) inches ; thence southeasterly on a line drawn parallel, or nearly so, with the said northeasterly side of Tremont Avenue, fifty-two (52) feet, seven (7) inches ;

thence again northeasterly on a line drawn at right angles, or nearly so, to the said northeasterly side of Tremont Avenue one hundred and thirty-two (132) feet, one and seven-eighths (1⅞) inches; thence southeasterly on a line again parallel, or nearly so, with the said northeasterly side of Tremont Avenue one hundred and fifty (150) feet, two and one-quarter (2¼) inches to the said northwesterly side of Marmion Place (old line); thence southwesterly along the same one hundred and thirty-two (132) feet, one and seven-eighths (1⅞) inches to a point distant one hundred and ninety (190) feet, seven and three-eighths (7⅜) inches northeasterly from the said northeasterly side of Tremont Avenue, as widened; thence northwesterly on a line drawn at right angles, or nearly so, to said northwesterly side of Marmion Place fifty-one (51) feet, ten (10) inches; thence southwesterly on a line at right angles, or nearly so, to the said northeasterly side of Tremont Avenue, one hundred and ninety (190) feet, six and three-quarters (6¾) inches along the northwesterly wall of the building, and also along a fence, to a point or place of beginning.

" Being a part of lot 155 and all of lots numbered 156, 157, 159 and 160 on a Map entitled ' Map of the Village of East Tremont in the Town of West Farms, Westchester County, New York,' made by William G. Livingston, Civil Engineer, &c., dated September 1st, 1866, and filed in the Westchester County Register's Office."

The description in the deed tendered by the plaintiffs to the defendant is as follows: "All those certain lots, pieces or parcels of land situate in the Borough of the Bronx, City and County of New York, which are bounded and described as follows:

" Beginning at a point in the northeasterly side of East 177th Street (formerly Tremont and Locust Avenues), as widened, distant one hundred and fifty-two (152) feet, nine and three-eighth (9⅜) inches northwesterly from the corner formed by the intersection of the said side of East 177th Street, as widened, and the northwesterly side of Marmion Avenue (formerly Marion Avenue); and running thence northwesterly along the said side of East 177th Street, as widened, fifty (50) feet; thence northeasterly at right angles or nearly so, to East 177th Street, as widened, one hundred and ninety (190) feet, four and one-half (4½) inches; thence southeasterly and parallel or nearly so, with said East 177th Street, as widened, fifty (50)

feet; thence southwesterly at right angles, or nearly so, with said East 177th Street, as widened, one hundred and ninety (190) feet and five and one-quarter (5¼) inches to the said northeasterly side of East 177th Street, at the point or place of the beginning, be the said several distances and dimensions more or less.

"Being a part of the premises which were conveyed to Josephine L. Peyton, deceased, by Allen H. Huylar and others, as executors and trustees of the will of Martha M. Huylar, by deed dated June 21, 1894, and recorded in the office of the Register of the City and County of New York on June 27th, 1894, in Block Series, Conveyances Section II, Liber 12, page 464."

*Edward E. Sprague,* for the appellant.

*Abram I. Elkus,* for the respondents.

Rumsey, J.:

The only objection made to this judgment is that the description in the deeds to the plaintiff's testator and by the plaintiffs to the defendant are so indefinite that the lands cannot be located, and, therefore, the deeds are void for indefiniteness, and no title passed. It is undoubtedly true that the first requisite of an adequate description is that the land shall be identified with reasonable certainty; but if the description is sufficient to enable the lands to be located by an actual survey, the deed will be upheld, however indefinite it may seem to be. It appeared that the description in each deed began at a given point which could be easily identified by reference to the map referred to in the deed. The first course was given in each deed, and the precise distance for which that and every other course was to run was also stated, and the descriptions required that running these distances the last one should terminate at the place of beginning. The surveyor called by the defendant testified that by taking the map there would be no difficulty in locating the land as described in the deeds, and that was not disputed. The objection, therefore, is not well taken, and the judgment should be affirmed, with costs.

Van Brunt, P. J., Patterson, O'Brien and McLaughlin, JJ., concurred.

Judgment affirmed, with costs.